(17 Misc. Rep. 623)

### HELMUTH v. APGAR et al.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

APPEAL—WHAT REVIEWABLE—REFUSAL TO DISMISS COMPLAINT.

　　A refusal to dismiss the complaint at the close of plaintiff's case is not reviewable on appeal, unless the motion to dismiss was renewed at the close of the whole case.

Appeal from Ninth district court.

Action by Louis Helmuth against Edward H. Apgar, Henry C. Whitemeyer, and Louis J. Apgar to recover for services rendered by plaintiff as a traveling salesman in the months of January and February, 1896. Judgment was entered on a verdict in favor of plaintiff for $170, and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Robert B. Alling, for appellants.

David Gordon, for respondent.

DALY, P. J. Plaintiff was taken on trial as traveling salesman for two months, over certain territory, his compensation to be fixed at the end of that time. It was proved that his sales amounted at least to $1,988.90, on which the profits were $190, and that his traveling expenses were about $168. Defendants offered him $50 for his services, which was declined, and this action was brought to recover their value. The jury awarded $170, and defendants appeal on the ground that, according to plaintiff's version of the agreement, there was a special contract, by which his compensation depended upon the result of his sales as compared with the compensation and sales of his predecessor over the same route and for the corresponding period of the previous year, which were proved to have been: Salary, $100 per month; sales, $5,674.06; and profits, $637.24; traveling expenses not given. The argument of the appellant is that, as the sales of plaintiff were about one-third of his predecessor's, his compensation should be in proportion, or $33.33 per month, instead of at the rate of $20 per week, awarded by the jury. But the record before us does not show a special contract for compensation based upon figures and determined by the rule of three. Defendants do not so testify. Mr. Apgar says they were to advance his traveling expenses, and determine upon his salary at the end of two months. Mr. Whitemeyer says that, as far as plain-

tiff's own personal salary was concerned, it would be dependent entirely upon the result of his work. This is no more than saying what is true in every case where an employé is taken on trial, and the question of pay is left open to be fixed at the end of the prescribed time, namely, that the pay would depend upon the amount of work done as tested by results. The appellants rely upon the answer given by plaintiff on cross-examination to the question, "So that you finally decided in said talk with those parties that what you were to receive was to be determined upon the result of the sales?" to which plaintiff answered, "As compared with the salary and work done over that territory last year." This was a conclusion of the plaintiff, and does not give the language employed. What was in the defendants' minds was something quite different, as conclusively appears from the fact that they did not offer him compensation based upon the proportion above referred to, but a smaller amount; which, under the contract, they deemed to be the fair value of his services. And the case was tried upon the theory, not of a special contract, but that plaintiff was required to prove value. At the close of his evidence a motion to dismiss was made on the ground that there was no proof of the value of the services. The objection that he was only entitled, under his agreement, to a certain sum ascertainable by computation, was not taken, and seems to be made for the first time on appeal. The verdict cannot be disturbed, since the case was submitted to the jury without objection on instructions from the justice, which left it to them "to fix what compensation the plaintiff is entitled to if the jury believed he was entitled to anything," and that "there was no amount agreed upon for compensation at the time he entered the employ of the defendants," that it was the duty of the jury "to determine what if anything, is due him," and they "must fix the amount of it under the evidence," and that "the plaintiff testifies that those services are worth, according to the market value paid for such services, the sum of $30 per week." Having acquiesced in the submission of the question of value to the jury, and their finding being within the figures testified to by plaintiff. no ground for reversal appears.

An exception was taken to the allowance of the question put to the plaintiff as to the value of his services, but no ground of objection was stated. The plaintiff, being employed as traveling salesman, was competent to testify what his services were worth. If the objection was to his basing his testimony upon information derived from others, it should have been specified, in order that the question might be framed so as to be unobjectionable.

The exception taken to the refusal to dismiss the complaint at the close of plaintiff's case is not available, as it was not renewed at the close of the whole case, and defendants thereby conceded that there were questions of fact for the decision of the jury.

The judgment must be affirmed, with costs. All concur.